FILED

Robert Bruce Reckmeyer
Deborah Sue Pomeroy Reckmeyer
7238 John Marshall Hwy
The Plains, Virginia 20198

2011 AUG 16 P 1: 25

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **ROBERT BRUCE RECKMEYER** **DEBORAH SUE POMEROY RECKMEYER** | Case # _____ 1: 11 CV 868 AJT / IDD_ |
| Plaintiff, | **COMPLAINT** |
| VS. | |
| **RECONTRUST COMPANY, N.A.** **ALG TRUSTEE, LLC** | Date: _____ |
| Defendant(s) | |

Comes now Robert Bruce Reckmeyer & Deborah Sue Pomeroy Reckmeyer hereinafter referred

to as "Plaintiff," and moves the court for relief as herein requested:

# Parties

(1) Plaintiff in the instant, Robert Bruce Reckmeyer & Deborah Sue Pomeroy Reckmeyer hereinafter

referred to as "Principal Plaintiff." Principal Plaintiff can be contacted at 7238 John Marshall

Highway, The Plains VA 20198 and may be reached by phone at 571-921-5670 or by email at

rbreckmeyer@cyberonic.com.

(2)  Defendant (1) is, Recontrust Company, N.A. and can be contacted at:  2380 Performance Drive,

Richardson, Texas 75082 and Defendant (2) ALG Trustee, LLC. and can be contacted at:  803

Sycolin Road, Leesburg, Virginia 20175

# Jurisdiction and Venue

(3) This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1332 placing

the District Court in the position of Jurisdiction over:

     a.  claims of Federal Questions concerning Fair Debt Collection Practices Act,

        hereinafter referred to as " 15 U.S.C. 1692;"

     b.  questions and claims of violation of Constitutionally protected Fundamental

        Rights;

     c.  violations of Plaintiff's common-law Rights in matters involving Federal

        Corporations and Interstate Commerce in the form of lending and Banking;

     d.  Violations of Plaintiff's Rights codified pursuant to Interstate Law/Compact

        entitled the Uniform Commercial Code ("UCC" hereafter).

(4) The amount in controversy exceeds $ 75,000.00.

(5) This court also has supplemental jurisdiction over all other claims that are so related to claims

in this action that they form part of the same case or controversy under Article III of the United

States Constitution, pursuant to 28 U.S.C. § 1367 .

(6) Venue is properly laid in the Federal Court of the United States in the Judicial District

,pursuant to 28 U.S.C. § 1391(c).

(7) Plaintiff avers that the court has in personam jurisdiction over the named Defendant(s) as Defendant(s) are subject to the Jurisdiction of this Federal Court by the following facts:

    a.  Defendant has entered into interstate commerce by causing to be transmitted through the United States Mail, - Title 18 § 1241.

    b.  Defendant is subject to the FDCPA - Title 15 § 1692  et. seq. by acting as a Debt Collector, in that Defendant is not the originator of the alleged debt, neither is Defendant a bona fide agent of the originator or subsequent true holder of the alleged debt.

## Statement of Facts

(8)  Plaintiff states as a fact that Defendant, on or about July 15th 2011, caused to be prepared and sent to Plaintiff, a document noticing Plaintiff that Defendant was the

    a.  Agent for the holder of a claim against Plaintiff and the personal and real property of Plaintiff.

(9)  Defendant made demand on Plaintiff for payment of an alleged debt. Defendant claimed authority to collect said debt. Defendant claimed the existence of a document establishing a lien against the property owned by Plaintiff. Defendant claimed authority to exercise the provisions of said lien document. Plaintiff never entered into a contractual agreement with Defendant. Defendant claimed authority to exercise foreclosure on an alleged lien against the property.

Plaintiff never created a document creating a lien against Plaintiff's real property to the benefit of Defendant.

## Factual Accusation

(10) Plaintiff, on investigation and belief, alleges that Defendant has perpetrated, and continues to perpetrate a fraud against Plaintiff by attempting to collect a debt when no debt exists which Defendant has standing to collect.

(11) Plaintiff, on investigation and belief, alleges that Defendant violated the Fair Debt Collections Protections Act to the detriment of Plaintiff by:

    a. using false, deceptive, and misleading representations or means in connection with the collection of an alleged debt wherein Defendant misrepresented the character, amount, and legal status of the alleged debt; (15 USC 1692(e)(2)) & (f), and

    b. threating to take action against Plaintiff that could not legally be taken. (15 USC 1692(e)(5))

    c. causing to be sent to Plaintiff, through the United States mail, fraudulent demands for payment for which Defendant had no authority to make.

(12) Plaintiff alleges and avers that Defendant caused to be sent through the United States Mail Service, fraudulent demands for payment from Plaintiff in order to facilitate the herein alleged fraud.

(13)  Plaintiff alleges and avers that Defendant subjected Plaintiff to a fraud scheme to collect monies not owed to Defendant and that Defendant intended to collect the full amount on an alleged debt which amounts to $528,329.54

(14)  Plaintiff alleges and avers that the above alleged scheme has the result of making it impossible for a purchaser of a private residence involved in said scheme to ever achieve the primary purpose of the contract, that of achieving quiet title at completion of the contract.

(15)  Plaintiff alleges and avers that Defendant failed to exercise due diligence concerning Defendant's standing to collect the alleged debt claimed by Defendant to be owed to Defendant or Defendant's principal, by Plaintiff.

(16)  Plaintiff alleges and avers that Defendant subjected Plaintiff to severe emotional stress through direct or implied threat that Plaintiff would lose Plaintiff's primary place of residence if Plaintiff failed to pay the extortion demanded by Defendant.

## Plaintiff Demands Strict verified proof

(17)  Plaintiff herein demands strict verified proof, according to the rules of evidence all of the following:

      a.  that Plaintiff entered into a legal and binding contract with Defendant that would establish the alleged debt;

      b.  that Defendant is the true holder of said debt instrument;

(18) Plaintiff herein demands strict verified proof, according to the rules of evidence and the Uniform Commercial Code that Defendant is the true holder of said debt instrument by production of the original contract upon which Defendant claims authority to demand payment.

(19) Plaintiff herein demands strict verified proof, according to the rules of evidence, of the standing of every signatory on each and every document filed into any court record concerning the property, or sent to Plaintiff or any other entity concerning the alleged obligation Defendant has attempted to collect from Plaintiff.

(20) In the event that Defendant were to prove that a debt claim exists against the property, and that Defendant is the holder or agent for the holder of said debt, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported contract, the basis of which Defendant is attempting to collect a debt.

(21) Plaintiff herein demands strict verified proof, according to the rules of evidence that:

> a. Plaintiff entered into a contract with Defendant, or Defendant's principal for whom Defendant claims to act as agent, granting Defendant a legal claim against the property as protection against loss in the event Plaintiff failed to meet the obligations of the above alleged debt.

> b. Defendant is the true and exclusive holder, or is the proper agent for said holder, of said legal claim against the property.

c. that, the alleged document purporting to create a lien against the property was granted by Plaintiff to Defendant or to Defendant's principal for whom Defendant claims to be acting as agent.

(22) In the event Defendant claims to have received assignment of the alleged debt instrument, Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, or Defendant's principal, is the exclusive holder of said instrument.

(23) In the event Defendant is able to produce a bona fide lien document, Plaintiff herein demands strict verified proof that Plaintiff granted such claim to Defendant by name, Defendant is, and at all times has been the holder of the alleged note purporting to evidence a debt.

(24) Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, at no time, received consideration in return for a transfer of the above referenced note, the basis of which the above referenced lien document was allegedly written as protection against loss to the holder, to a third party for consideration tendered.

(24) In the event Defendant claims to be the holder of a lien document that was not granted directly to Defendant in Defendant's name, or in the name of the principal for which Defendant claims to act as agent, Plaintiff herein demands strict verified proof, according to the rules of evidence, of a complete chain of legal possession of said lien document.

(25) In the event Defendant is able to produce a complete chain of legal possession of the above referenced document purporting to create a lien against the property, Plaintiff herein demands strict verified proof, according to the rules of evidence that, at all times, the ownership of the

alleged lien document and the alleged note were transferred together such that, at no time, one entity held the alleged lien and another held the alleged note.

(26) In the event that Defendant were to prove that a debt claim exists against the property, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported debt claim which Defendant is attempting to collect.

## Causes of Action

### FDCPA – 1st CAUSE OF ACTION

(27) Comes now Plaintiff, and hereby complains and alleges that the Defendant did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692f by providing false and misleading information by mailing a Dunning Letter/Important Legal Notice dated July 15th 2011, by U.S.P.S. to the Plaintiff which asked for a lump sum of money. Defendant failed to prove up the existence of a debt to which Plaintiff was liable. Defendant failed to provide evidence to show that Defendant was a bona fide holder of a debt instrument to which Plaintiff was liable. Defendant failed to show agency for a bona fide holder of a debt instrument to which Plaintiff was liable. Defendant further failed to show that said bona holder was also a bona fide holder of a document establishing a lien against real property owned by Plaintiff. Defendant further failed to itemize the various charges that comprised the total amount of the alleged debt. Defendant failed to clearly and fairly communicate information about the amount of the alleged debt to Plaintiff. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs, this in violation of 15 U.S.C. 1692(e).

Defendant used false, deceptive and misleading, representations in connection with collection of any debt" 15 U.S. C § 1692e.  By demanding payment of a debt Plaintiff did not owe and by making direct, indirect, and veiled threats of dire consequences to Plaintiff if Plaintiff failed to pay the alleged debt, Plaintiff acted in clear violation of 15 U.S.C. 1692(f).  Fields v. Wilber Law Firm, USCA-02-C-0072, ". Circuit Court, Sept 2, 2004B.

**FDCPA – 2nd CAUSE OFACTION**

(28) Defendants "Bill" meets the definition of overshadowing. The overshadowing in the document sent to the Plaintiff stated to amount due and account satisfaction which overshadows the consumer warning on the document.

> *1996 U.S. Dist. LEXIS 22555, DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a*
>
> *CREDIT ASSOCIATES, Defendant. 96-C-0195-S USDC FOR THE WESTERN DISTRICT OF WISCONSIN*

# Common Law Fraud

(29) Defendant, on July 15th 2011, caused to be sent to Plaintiff, through the United States Mail, a letter demanding that Plaintiff a sum in the amount of $528,329.54. The letter was in the form of a Demand to Cure Default. Plaintiff was miss-lead into believing that Plaintiff was under obligation to forfeit Plaintiff's personal property to Defendant. Defendant made the above referenced demand on Plaintiff under the guise of being a debt collector, attempting to collect a

debt Defendant alleged Plaintiff owed to Defendant or the principal Defendant claimed to be acting as agent for.

(30) Defendant made a false representation to Plaintiff demanding payment on a debt. Defendant knew, or should have known that said demand was made without standing or capacity on the part of Defendant. Defendant intended that Plaintiff accept the representation of Defendant as true. Plaintiff believed Defendant and was harmed thereby.

(31) Defendant, by falsely demanding payment from Plaintiff when Defendant lacked standing and/or capacity to make such demand was an act of criminal fraud which results in the civil tort alleged here under the cause of action of common law fraud or fraud per se.

## Extreme Emotional Distress

(32) Defendants made threats against which included threats of the forfeiture of Plaintiff's personal property. Defendant made demand for payment of amounts to which Defendant was not entitled. Defendant made said demand under threat of seizing Plaintiff's real property. Defendant's demands were extreme and the proximate cause of Plaintiff being put in a position of fear of losing Plaintiff's primary residence and of being rendered homeless. As a result Plaintiff suffered severe emotional distress.

(33) Even if Defendant did not act with malice, Defendant is liable for negligent inducement of emotional distress as even if Defendant's actions were not intended to produce extreme emotional distress, Defendant was negligent as to the emotional distress caused by Defendant's actions.

# Stipulation Subject to Discovery

(34)  In the interest of judicial economy and of limiting the scope of this litigation, Plaintiff is prepared to stipulate Defendant's standing and file an amended complaint, without requiring Defendant to prepare an answer to the current complaint, if Defendant provides proof of said standing as demanded above.

# Jury demand

(35)  Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

# Prayer

WHEREFORE, Plaintiff prays for judgment against the Defendant and Defendant's co-conspirators as follows:

1.  For quite title to Property against claims by Defendant;

2.  For disgorgement of all amounts wrongfully acquired by Defendant according to proof at trial;

3.  For three times the amount Defendant intended to defraud Plaintiff of.  A sum equal to $1,584,988.62

4.  For pain and suffering due to extreme mental anguish in an amount to be determined at trial.

5.  For pre-judgment and post-judgment interest according to proof at trial;

6. For attorney's fees and costs as provided by statute; and,

7. For such other relief as the Court deems just and proper.

Respectfully,

Robert Bruce Reckmeyer

Deborah Sue Pomeroy Reckmeyer

**VERIFICATION**

We, Robert Bruce Reckmeyer & Deborah Sue Pomeroy Reckmeyer, do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

Robert Bruce Reckmeyer

7238 John Marshall Hwy
The Plains, Virginia   20198

Deborah Sue Pomeroy Reckmeyer

7238 John Marshall Hwy
The Plains, Virginia   20198

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

NOTARY PUBLIC IN AND FOR

THE STATE OF Virginia
Fauquier Co.
H. Dec 31, 2014

Notary Seal

TERRY BOYD
NOTARY
REG. #
7641751
PUBLIC
COMMONWEALTH OF VIRGINIA

**CERTIFICATE OF SERVICE**

I, Robert Bruce Reckmeyer & Deborah Sue Pomeroy Reckmeyer, do swear and affirm that I have served

a signed copy of this complaint to any and all defendants by way of U.S.P.S. Certified mail # _____ and return receipt, regular mail, and via facsimile # _____, and noticed by telephone On the _____day of _____, 2011.

Defendant (1) is, Recontrust Company, N.A. and can be contacted at 2380 Performance Drive, Richardson, Texas 75082 and Defendant (2) ALG Trustee, LLC. 803 Sycolin Road, Leesburg, Virginia 20175

Robert Bruce Reckmeyer

7238 John Marshall Hwy
The Plains, Virginia 20198

Deborah Sue Pomeroy Reckmeyer

7238 John Marshall Hwy
The Plains, Virginia 20198

The Person(s) above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____

**NOTARY PUBLIC IN AND FOR**

Notary Seal/C

**THE STATE OF VIRGINIA**
Fauquin Co.
4: Dec 31, 2014